**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BRUCE A. HIVELY,

    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-222
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On February 5, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (ECF No. 10.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 13.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 13) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner is serving an aggregate term of incarceration of thirty-three years on his convictions after a jury trial in the Gallia County Court of Common Pleas on aggravated murder with a firearm specification and tampering with evidence. The Ohio Fourth District Court of Appeals affirmed Petitioner's convictions and sentence, *State v. Hively*, No. 13CA15, 2015 WL 3745609 (Ohio App. 4th Dist. June 8, 2015), and the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hively*, 143 Ohio St.3d 1501 (2015). Petitioner unsuccessfully pursued an application to reopen the appeal pursuant to Ohio Appellate Rule

26(B). He now asserts that he was denied the effective assistance of trial counsel (claim one); that he was denied a fair trial because the trial court refused to grant his motion for a change of venue (claim two); that he was denied due process based on inconsistent jury verdicts for murder and aggravated murder (claim three); that the evidence is constitutionally insufficient to sustain his conviction on aggravated murder and that this conviction was against the manifest weight of the evidence (claim four); and that he was denied a fair trial because the trial court refused to give a "castle doctrine" jury instruction (claim five). The Magistrate Judge recommended dismissal of Petitioner's claims as being procedurally defaulted or without merit.

Petitioner filed timely objections to the recommendations of the Magistrate Judge. He again argues that he has properly preserved his claims for review. Petitioner complains that the Magistrate Judge did not address his claim of the denial of the effective assistance of appellate counsel so as to make a determination of whether he stablished cause for his procedural defaults. Petitioner again argues that he has presented meritorious claims for relief. He raises all of the same arguments he previously presented. He maintains that this case constitutes a manifest miscarriage of justice.

Upon careful review of the entire record, the Court finds Petitioner's objections to be unpersuasive. Petitioner waived claims one (ineffective assistance of trial counsel), two (failure to grant a change of venue) and three (the allegedly inconsistent jury verdict of guilty of aggravated murder but not guilty of murder) by failing to raise these issues on direct appeal. He also waived claim two, in which he asserts that he was denied a fair trial because the trial court refused to grant a change of venue, because he failed to request a change of venue at the time of trial. The appellate court noted in Rule 26(B) proceedings that the issue therefore would be considered for plain error only. *See Entry Denying Application to Reopen Direct Appeal* (ECF

No. 6-1, PageID# 221-23.) [1] In addition to being procedurally defaulted, Petitioner's third claim that his murder conviction must be overturned as inconsistent with the jury's verdict of not guilty on the lesser included offense of murder does not provide him a basis for relief:

> "[I]nconsistent verdicts are generally held not to be reviewable." *United States v. Lawrence*, 555 F.3d 254, 262 (6th Cir.2009). As the Supreme Court has made clear, "[t]he fact that [verdict] inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *United States v. Powell*, 469 U.S. 57, 66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). Rather, "a defendant's protection against an inconsistent verdict lies in an independent review of the sufficiency of the evidence." *United States v. Ruiz*, 386 Fed.Appx. 530, 533 (6th Cir.2010); *see also Powell,* 469 U.S. at 67, 105 S.Ct. 471 ("[A] criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts.").

*United States v. Stetler*, 526 F. App'x 631, 635 (6th Cir. 2013); *see also Jones v. Lazaroff*, No. 16-3044, 2017 WL 3122015, at *2-3 (6th Cir. 2017).

The ineffective assistance of trial counsel cannot constitute cause for this procedural default, because Petitioner never presented this same claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (An ineffective assistance of counsel claim generally must be presented to the state courts before it may be used to establish cause for a procedural default) (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)).

Petitioner likewise has failed to establish the alleged ineffective assistance of appellate counsel as cause for the procedural default of his claim of the ineffective assistance of trial counsel. In considering Petitioner's Rule 26(B) motion, the state appellate court thoroughly analyzed Petitioner's claim of ineffective assistance of appellate counsel. *See Entry Denying*

---

[1] The appellate court also indicated that the record did not support Petitioner's allegation that the jury was biased or that pre-trial publicity prevented him from obtaining a fair trial. *Entry Denying Application to Reopen Direct Appeal* (ECF No. 6-1, PageID# 221-23.)

*Application to Reopen Direct Appeal* (ECF No. 6-1, PageID# 218-220, 224-28.) That court explained its conclusion that appellate counsel was not ineffective in failing to raise allegations of ineffective assistance of trial counsel on appeal, including: (1) trial counsel's failure to show a photograph of petitioner's injuries to the jury (noting that the prosecution introduced such a photograph at trial); (2) trial counsel's failure to introduce prior police reports concerning petitioner and the victim and his two companions (noting that the jury heard the tape recording of petitioner's interview with police concerning petitioner's prior history with the three men); (3) trial counsel's failure to introduce the report of the state fire marshal concerning arsons on petitioner's property committed by the victim's family and friends following petitioner's arrest (noting that defense counsel was aware of this evidence and opposed the prosecution's motion *in limine,* which was granted by the trial court, and that it was not shown how this later evidence was relevant to the murder charge); and (4) that trial counsel was ineffective in failing to object to the inconsistent verdict of not guilty of murder after the jury returned a verdict of guilty of aggravated murder (noting on plain error review that because the alleged inconsistency did not warrant vacating the aggravated murder verdict under Ohio law, appellate counsel was not ineffective in failing to raise this issue).

The Magistrate Judge reviewed *de novo* the state appellate court's analysis of Petitioner's ineffective assistance of appellate counsel claim and agreed with the conclusion of that court that Petitioner cannot satisfy the standards for ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984). (ECF No. 10, pp. 14-15). This Court has conducted its own *de novo* review of the record and the state appellate court's analysis. The Court agrees with the analysis of the state appellate court, and concludes that there is no evidence in the record sufficient to establish under *Strickland* that appellate counsel was ineffective or that Petitioner

was prejudiced by appellate counsel's failure to raise on appeal the alleged ineffective assistance of trial counsel. Petitioner cannot excuse his procedural default based on ineffective assistance of appellate counsel. The Court also agrees with the conclusion of the Magistrate Judge that Petitioner has not satisfied the standards for avoiding the procedural bar through a claim of actual innocence. *See* ECF No. 10, pp. 15-16.

Petitioner's remaining claims were addressed by the Magistrate Judge on the merits. This Court agrees with the conclusions of the Magistrate Judge that petitioner's claims that his convictions are against the manifest weight of the evidence and that he was denied a fair trial based on the trial court's failure to issue "castle doctrine" jury instructions do not provide him a basis for federal habeas corpus relief. *See Williams v. Jenkins*, No. 1:15cv00567, 2016 WL 2583803, at *7 (N.D. Ohio Feb. 22, 2016) (citing *Nash v. Eberlin*, 258 F. App'x 761, 765, n. 4 (6th Cir. 2007)); *Norton v. Sloan*, No. 1:16-cv-854, 2016 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10-cv-391, 2011 WL 1337102, at *3 (S.D. Ohio)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."); *see also Waller v. Tibbals,* No. 3:15-cv-310, 2016 WL 3906234, at *10 (S.D. Ohio July 19, 2016) (failure to issue a castle doctrine jury instruction is not cognizable in federal habeas corpus proceedings). For the reasons indicated in the decision of the state appellate court, this Court is not persuaded that the appellate court contravened or unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), or based its decision on an unreasonable determination of the facts, in denying his claim of insufficiency of the evidence. 28 U.S.C. § 2254(d); *Tucker v. Palmer,* 541 F.3d 652 (6th Cir. 2008) (*Jackson* claims are subject to two layers of deference in § 2254 proceedings).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 13) is **OVERRULED.**

Petitioner seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit. Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

Date: March 26, 2018

                                                                          _____s/James L. Graham_____
JAMES L. GRAHAM
United States District Judge